IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Gong Yong, | ) | Case No. 9:23-cv-00393-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Jansen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 26.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

When he filed this action, Petitioner was located in the Federal Correctional Institution in Edgefield, South Carolina. [Doc. 1 at 1.] By Order dated March 7, 2023, Petitioner was advised of his duty to keep the Court informed of his current address. [Doc. 5 at 5.] Nonetheless, many mailings sent by the Court to Petitioner since October 2023 have been returned. [Docs. 17; 25; 28; 30.]

On November 29, 2023, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. [Doc. 18.] On February 23, 2024, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 22.] On the same date, the Court used the Bureau of Prisons' online inmate locator and learned that Petitioner was incarcerated in the United States Penitentiary in Victorville, California. [*See* Doc. 23.] Accordingly, the Court directed the

Clerk of Court to resend the mail that had been returned to the Court, along with any subsequent Orders from the Court, to Petitioner at the address in Victorville, California. [*Id.*]  That mailing [Doc. 24] has not been returned to the Court.

On April 24, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed for lack of prosecution.  [Doc. 26.]  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id.* at 5.]  He did not file objections to the Report, and the time to do so has lapsed.  Indeed, as the Magistrate Judge noted, the Court has not received anything from Petitioner in this case since March 24, 2023.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of

2

the Magistrate Judge. Petitioner has been warned to always keep the Court apprised in writing of his current address in the event that his address has changed:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

[Doc. 5 at 5.] Because Petitioner did not respond to Respondent's motion to dismiss or, in the alternative, for summary judgment, and the time for response has lapsed, and because he has failed to keep the Court apprised of his current mailing address, he has failed to prosecute this case and has failed to comply with the Orders of this Court. As Petitioner has already ignored this Court's Order and deadlines, sanctions less drastic than dismissal would not be effective.

For these reasons, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As a result, Respondent's motion to dismiss or, in the alternative, for summary judgment [Doc. 18] is FOUND AS MOOT.

IT IS SO ORDERED.

                    s/ Jacquelyn D. Austin
                    United States District Judge

May 31, 2024
Charleston, South Carolina